In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

No. 70-347.

United States District Court, E. D. Pennsylvania.

June 14, 1972.

John F. DePodesta, Philadelphia, Pa., William P. Jones, Asst. Gen. Atty., New York City, for Trustees of the property of Penn Central Transportation Co.

Louis L. Walters, Asst. Corp. Counsel, for City of New York.

John C. McTiernan, Albany, N. Y., for New York Dept. of Transportation.

### MEMORANDUM AND ORDER
### No. 780

FULLAM, District Judge.

On November 3, 1971, the Commissioner of Transportation of the State of New York petitioned this Court to direct the Debtor's Trustees to comply with his order requiring the Debtor to provide fencing and additional policing on its Hell Gate Line in the Borough of the Bronx in the City of New York. The Trustees opposed this petition, asserting initially (1) that the exercise of their discretionary authority to decline to make such expenditures under paragraph (c)(2) of Section 77 of the Bankruptcy Act, 11 U.S.C. § 205(c)(2), was reasonable, and (2) that because they had never been joined in the administrative proceedings leading to the order, it was unenforceable against them.

A hearing was held on the petition on December 10, 1971. After the hearing, it appeared that the parties desired to introduce substantial additional evidence and Order No. 558 was entered setting a further hearing for February 28, 1972, and requiring the parties to exchange exhibits, affidavits, etc. at certain dates before the hearing. Prior to the hearing, petitioner informed the Court that further investigation revealed that conditions on the Hell Gate Line had substantially changed, and that it desired to commence further administrative proceedings to consider the changed conditions. Petitioner requested that further proceedings in connection with its petition be stayed pending conclusion of the administrative proceedings and that the Debtor's Trustees be authorized and directed to participate in those proceedings. Petitioner's requests were later embodied in a petition (Document No. 3170) which included a further request that this Court direct the Trustees to comply with orders to be issued in the further administrative proceedings. On June 21, 1972, a hearing was held on this latter petition.

The Trustees contend that both petitions should be denied, that this Court should deny leave to proceed against the Trustees until the petitioner specifies the exact nature of the further administrative proceedings to be brought against the Trustees, and that the present order of petitioner should be declared null and void.

Petitioner's first request, for leave to make the Trustees parties in further administrative proceedings, requires no action by this Court. Section 77(c)(2) of the Bankruptcy Act clearly contemplates the participation by the Trustees in regulatory proceedings concerning their own acts in carrying on the business of the Debtor. It is apparent that the administrative proceeding contemplated by petitioner primarily involves safety along part of the Debtor's rail lines. Under Section 77(c)(2), the pendency of these reorganization proceedings does not diminish whatever right petitioner may have to bring such a proceeding against the Trustees.

Petitioner's other request, that the Trustees be directed now to comply with any orders to be issued in the contemplated administrative proceeding, is obviously premature and will be denied.

The final matter to be considered is the manner in which the Court should rule on the validity of the order sought to be enforced in the first peti-

tion. The Trustees express concern that the petitioner's outstanding order against the Debtor, if not declared null and void, might serve to form the basis for assertions of tort liability against them and might bind them in some prejudicial way in further proceedings before petitioner. Petitioner agrees that the situation in the Hell Gate Line has considerably changed. However, it contends that its order should only be declared unenforceable. The agreement by petitioner that the order lacks a valid factual foundation and is unenforceable is sufficient to negate the possibility that the order could be successfully used as a basis for the assertion of tort liability.

■ And it is clear that the Trustees could not be prejudicially bound by the earlier administrative proceedings, to which they were not parties, in view of the requirements of due process. The parties are encouraged, however, to expedite further administrative proceedings by making such use of the existing administrative record as may be procedurally proper and consistent with their respective positions.

Finally, while proceedings with respect to the two present petitions will now be terminated, the parties will be free to rely on the relevant parts of the record made here to date, in any related future proceeding in this Court.

For the reasons set forth above, an order will be entered (1) declaring the order adopted by petitioner on June 23, 1971, in case 26510, unenforceable against the Debtor or against the Debtor's Trustees; (2) dismissing petitioner's first petition (Document No. 2131); and (3) denying petitioner's second petition (Document No. 3170) to the extent it seeks to hold proceedings on the matters raised by petitioner's petitions in abeyance and seeks a direction that the Trustees comply with any order issued by petitioner in further proceedings before it, and (4) denying, without prejudice, the remainder of the petition.